Thomas ST. LEGER, on behalf of himself and other A.C. Nielsen employees similarly situated, Plaintiffs,

v.

A.C. NIELSEN COMPANY, a corporation, Defendant.

No. 87 C 10510.

United States District Court, N.D. Illinois, E.D.

May 19, 1988.

Thomas Lennon, Chicago, Ill., for plaintiffs.

Neil L. Brilliant, Lawrence I. Kipperman, Sidley & Austin, Thomas Ryan, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

This cause is before the court on the motion of plaintiff, Thomas St. Leger, to approve class notice and to require defendant, A.C. Nielsen Company, to furnish plaintiff with a list of potential class members. For the reasons stated herein, the motion is denied.

Plaintiff has been employed by defendant since 1976 as a market research field representative. Plaintiff's primary duties are to conduct store audits to measure retail sales of various consumer goods whose manufacturers are clients of defendant.

Plaintiff is employed under an agreement commonly known as a Belo agreement. The Supreme Court has approved the use of Belo agreements under certain conditions. *Walling v. A.H. Belo Corp.,* 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942). Plaintiff alleges that the Belo agreement under which he and the other field representatives are employed violates Section 7(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* because they are not compensated for their work in excess of forty hours per week at one and one-half times their regular rates of pay. Plaintiff brings this suit pursuant to Section 16(b) of the FLSA on behalf of himself and all other employees of defendant similarly situated.

Section 16(b) provides for a private right of action against employers who violate the FLSA for legal or equitable relief. Such an action may be "maintained against any employer ... by any one or more employees for and in behalf of himself and themselves and other employees similarly situated." The threshhold issue then in this motion to approve class notice [and to require defendant to furnish plaintiff with a list of potential class members] is whether plaintiff is similarly situated to the other field representatives.

Plaintiff maintains that he is similarly situated to the rest of the class because all of the field representatives work in equivalent positions, perform the same audit work and are all compensated pursuant to the Belo agreement, whose terms are essentially identical to that of plaintiff. Additionally plaintiff contends that the claims of the individual members arise out of the application of this department-wide policy and the injuries suffered by each are identical, loss of overtime compensation due under the FLSA.

Defendant responds that plaintiff's time cards reveal that plaintiff's actual work habits and hours are drastically different from those of his co-workers. Attached to defendant's brief in opposition to the motion is a summary of the hours worked by the field representatives with whom plaintiff worked in Chicago area stores from December 15, 1984 to December 26, 1987. These co-workers would arguably be those most similarly situated to plaintiff. Plaintiff's working group worked fewer than forty hours in over seventeen percent of those work weeks, with the majority working less than forty hours between twelve and twenty-two percent of the work weeks. In contrast, plaintiff's time cards indicate that he worked fewer than forty hours in only two percent of his work weeks during the same period.

The number of hours worked over forty hours per week by employees employed under a Belo contract is a central issue in determining the legality of such a contract. 29 C.F.R. § 778.406 Therefore commonality of working hours is essential if plaintiff is to represent all of the field representatives. Plaintiff has not refuted any of defendant's evidence as to the number of hours worked by plaintiff and the other Chicago area field representatives even though he was given an opportunity to take discovery. It appears that plaintiff's working hours are far different from the majority of his clos-

est co-workers. Here each party would need to provide evidence as to his or her particular work hours. In a case where individual questions of fact predominate over common questions of fact, a class action is not appropriate. *Hewitt v. Joyce Beverages of Wisc.*, 721 F.2d 625, 628–29 (7th Cir.1983).

Although defendant's information concerning the hours worked by the Chicago area field representatives could have been more complete it was sufficient to show the difference in plaintiff's working hours. Thus he is not so similarly situated to the other field representatives of defendant such that he would be entitled to represent them in a Section 16(b) class action.

Accordingly, plaintiff's motion to approve class notice and to require defendant to furnish plaintiff with a list of potential class members is denied.

IT IS SO ORDERED.